**Michael J. TEMPESTA,**
**Plaintiff–Appellant,**

v.

**MOTOROLA, INC.; Sheila Jones,**
**wife; Timothy Jones, husband,**
**Defendants–Appellees.**

No. 00–15472.
D.C. No. CV–96–00448–WGY.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 17, 2001.

Decided Oct. 30, 2001.

Before RONEY,* HUG and THOMAS, Circuit Judges.

* The Honorable Paul H. Roney, Senior Circuit Judge for the Eleventh Circuit, sitting by designation.

## MEMORANDUM **

Michael J. Tempesta appeals the district court's order granting summary judgment on his claims of retaliation, breach of contract, intentional infliction of emotional distress, and interference with contract against Motorola, Inc. ("Motorola"), Sheila Jones and Timothy Jones. We affirm. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

### I

The district court properly granted summary judgment on Tempesta's claims of improper retaliation pursuant to Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e–2000e–17, the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634, and the Arizona Civil Rights Act, Ariz.Rev.Stat. §§ 41–1461–1466, §§ 41–1481–1485. All of these related claims must be examined under the Supreme Court's three-step burden-shifting analysis articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–05, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Under this approach, Tempesta must first establish a prima facie case of discrimination. *Id.* at 802. If he succeeds, the burden then shifts to Motorola to articulate a legitimate, non-discriminatory reason for the challenged actions. *Id.* Then, in order to prevail, Tempesta must show that the reason advanced by Motorola is a pretext for a discriminatory motive. *Id.* at 804.

The district court determined that Tempesta had created a genuine issue of material fact as to the elements of a prima facie case; that Motorola had offered a legitimate, non-discriminatory justification for the elimination of Tempesta's job; and that Tempesta had failed to create a tri-

able issue of fact as to pretext. Thus, the district court reasoned, entry of summary judgment was appropriate on this claim.

■ The salient question for this appeal is whether Tempesta has tendered sufficient evidence of pretext to avoid summary judgment. To create a triable issue, at the pretext stage, Tempesta must present either some direct evidence of discriminatory motive or "specific" and "substantial" indirect evidence of pretext. *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1221–22 (9th Cir.1998). Tempesta concedes that there is little, if any, direct evidence of discriminatory motive; thus we must analyze the inferences to be drawn from the circumstantial evidence. To withstand summary judgment, plaintiffs must do more than make a prima facie case based on a bare minimum of circumstantial evidence giving rise to an inference of discrimination. *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 890 (9th Cir.1994).

To sustain his claim of inference based on circumstantial evidence, Tempesta argues that Motorola's explanation of its decision to eliminate one of the billing clerk positions is not credible. To be sure, if an employer's proffered explanation of his employment action is determined to be baseless, it may be sufficiently indicative of intentional discrimination to allow the case to be presented to a jury. *See Tex. Dep't. of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). However, if the record persuasively reveals "some other, nondiscriminatory reason for the employer's decision," or "the plaintiff created only a weak issue of fact as to whether the employer's reason was untrue and there was abundant and uncontroverted independent evidence that no discrimination had occurred," then the ab-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

sence of a completely satisfactory explanation as to the basis of the employment actions is not enough to raise a genuine issue of material fact sufficient to avoid summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 148, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000).

In this case, Motorola presented uncontradicted evidence that there had been a significant decrease in the data entry workload, justifying a reduction in force. Given that, Motorola chose to retain the employee with the most seniority and to offer Tempesta reassignment to another department. Tempesta rejoins that the data indicating a decrease did not measure the tasks which he was performing. Motorola concedes that the primary chart upon which it relies did not include a measurement of some of the functions that Tempesta was performing, but contends that the critical point is that there had been a substantial reduction in the overall workload of the department due to the paperless requisitioning system that Motorola had purchased from Texas Instruments, as supported by the uncontroverted testimony of Motorola manager Larry McLaughlin. This is sufficient to establish a credible basis for Motorola's conclusion that an overall downturn in some of the data processing requirements justified a reduction in force without having to justify a specific decrease in demand for the specific type of data processing Tempesta was performing. *Cf. Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 918 (9th Cir.1996). Once a reduction in force decision was made, implementing it on the basis of seniority was entirely appropriate. Decisions regarding job elimination that are made on the basis of seniority, rather than according to which employee has experienced the greatest decline in his or her workload, are presumptively lawful. *See Int'l Bhd. of Teamsters v. U.S.*, 431 U.S. 324, 352, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977) (Title VII); *Cook v. Pan Am. World Airways, Inc.*, 771 F.2d 635, 644 (2d Cir. 1985) (ADEA).

Tempesta claims that there are other indicia of discrimination but, for the reasons cited by the district court, none of these are sufficient to create a genuine issue of material fact. Thus, because the record persuasively reveals "some other, nondiscriminatory reason for the employer's decision," and "the plaintiff created only a weak issue of fact as to whether the employer's reason was untrue and there was abundant and uncontroverted independent evidence that no discrimination had occurred," *see Reeves*, 530 U.S. at 148, the district court correctly concluded that Tempesta had failed to meet his burden to establish pretext.

## II

The district court properly granted summary judgment on Tempesta's breach of contract claims. First, Motorola's policy manual, which contained Policy No. 1260 requiring "reasonable efforts" to relocate a long-term displaced employee, also included a clear and unambiguous statement disclaiming the creation of contractual obligations. Second, even assuming that Motorola was contractually obligated to follow its policies, Policy No. 1260 was not applicable to Tempesta's situation because Tempesta was not "involuntarily separated" when his job was eliminated; rather he was transferred. Third, the undisputed evidence establishes that Motorola did make reasonable efforts to reassign Tempesta.

## III

The district court properly granted summary judgment on Tempesta's claims for intentional infliction of emotional distress. In order to sustain a claim for

relief for this tort, the plaintiff must show that the defendant's acts were "so outrageous in character and so extreme in degree, as to ... be regarded as atrocious and utterly intolerable in a civilized community." *Mintz v. Bell Atl. Sys. Leasing Int'l, Inc.*, 183 Ariz. 550, 905 P.2d 559, 563 (Ariz.Ct.App.1995), citing *Cluff v. Farmers Ins. Exch.*, 10 Ariz.App. 560, 460 P.2d 666, 668 (Ariz.Ct.App.1969). Only when "reasonable minds could differ" in interpreting the conduct should the matter proceed to trial. *Mintz*, 905 P.2d at 563. Here, the district court properly found that reasonable minds could not find any "extreme" or "outrageous" misconduct by Motorola as those terms have been construed under Arizona law. *See, e.g., Wallace v. Casa Grande Union High Sch. Dist. No. 82 Bd. of Governors*, 184 Ariz. 419, 909 P.2d 486, 495 (Ariz.Ct.App.1995) (employer did not engage in outrageous conduct as a matter of law even though the employer allegedly refused to renew the employee's administrative contract, offered her a teaching position she did not want, changed her job duties, lowered her salary, and told her that "nobody likes you"); *Nelson v. Phoenix Resort Corp.*, 181 Ariz. 188, 888 P.2d 1375, 1386–87 (Ariz.Ct.App.1994) (affirming summary judgment for employer because terminating employee at 3:00 a.m. in the presence of armed security guards and media personnel was not "outrageous" conduct). Accordingly, Tempesta's retaliation claims do not support the "outrage" element of the emotional distress tort.

### IV

The district court properly granted summary judgment on Tempesta's claims of intentional interference with contract claims. The district court correctly determined that there was insufficient evidence that Jones caused Motorola to eliminate Tempesta's position. *Wagenseller v. Scottsdale Mem'l Hosp.*, 147 Ariz. 370, 710 P.2d 1025, 1041 (Ariz.1985) (noting requirement of intentional and improper interference causing a breach or termination of the relationship to find liability for intentional interference with contract).

**AFFIRMED.**